

TAB B

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF SUFFOLK

DAWN FORBES,

    Plaintiff,

v.

TRACY PARKER, et al.

    Defendants.

Case No. CL19-848

### DEFENDANTS' ANSWER AND GROUNDS OF DEFENSE

Defendants Tracy Parker and Early Trucking Company ("Defendants"), by counsel, file this Answer and Grounds of Defense[1], and in support thereof respectfully state as follows:

### COUNT 1

1. Defendants admit that the vehicle operated by Defendant Parker was owned by Early Trucking Company. Defendants deny all remaining allegations in Paragraph 1 of the Complaint and demand strict proof thereof.

2. Defendants deny all allegations in Paragraph 2 of the Complaint and demand strict proof thereof.

3. Admitted.

4. Defendants deny all allegations of negligence on the part of Defendants in Paragraph 4. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 4.

---

[1] Defendants' Answer and Grounds of Defense is filed subject to their Plea in Bar, filed concurrently herewith.

891644v.1

5. Defendants deny all allegations in Paragraph 5 of the Complaint and demand strict proof thereof.

## COUNT 2

6. Defendants hereby incorporate their responses to Paragraphs 1-5 of the Complaint as if fully set forth herein.

7. Defendants deny all allegations of negligence on the part of Defendants in Paragraph 7. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 7.

8. Defendants deny all allegations of negligence on the part of Defendants in Paragraph 8. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 8 of the Complaint.

9. Defendants deny all allegations of negligence on the part of Defendants in Paragraph 9. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants deny all allegations of negligence on the part of Defendants in Paragraph 10. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 10.

11. Defendants deny all allegations of negligence on the part of Defendants in Paragraph 11. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 11.

12. The allegations of the WHEREFORE paragraph of the Complaint contains legal conclusions and characterizations of the relief Plaintiff seeks in this action, to which no response is required; however, to the extent that a response may be required, Defendants deny that Plaintiff

is entitled to the relief she seeks. Defendants further deny any legal conclusions that are contained in such "WHEREFORE" paragraph of the Complaint.

13. To the extent Defendants have failed to respond to any remaining averments in the Complaint, said averments are denied and Defendants demand strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses:

### FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

Defendants state that the losses, injuries, and damages, if any, alleged to have been suffered or incurred by Ms. Forbes were caused or contributed to by persons, entities, conditions, or events unrelated and/or not under the control of Defendants, and for which Defendants cannot be held legally responsible.

### THIRD DEFENSE

In the event the evidence indicates, Defendants state that the losses, injuries, and damages, if any, alleged to have been suffered or incurred by Plaintiff were the direct and/or proximate result of pre-existing and/or independently developing injuries and conditions, illnesses, or natural disease processes in Plaintiff, and not the negligence of the Defendants, which is expressly denied.

### FOURTH DEFENSE

The losses, injuries, and damages, if any, alleged to have been suffered or incurred by Plaintiff, are not the proximate result of any acts or omissions by Defendants.

891644v.1

### FIFTH DEFENSE

In the event the evidence indicates, the injuries and damages of Plaintiff, if any, as alleged in the complaint were caused by the intervening or superseding acts and/or omissions of other persons or parties for whom Defendants is not, and was not, responsible.

### SIXTH DEFENSE

In the event the evidence indicates, Defendants reserve the right to argue that the injuries and damages of Plaintiff, if any, were caused by Plaintiff's contributory negligence or assumption of the risk.

### SEVENTH DEFENSE

Defendants reserve the right to argue that Plaintiff failed to mitigate her damages.

### EIGHTH DEFENSE

Defendants reserve the right to supplement or amend all of these defenses pending the completion of discovery.

**WHEREFORE**, Defendants request that this Court enter an Order:

1. Dismissing the Complaint with prejudice;
2. Denying all relief sought by the Complaint;
3. Awarding the Defendants their costs and attorney's fees; and
4. Providing for such other relief as this Court may deem appropriate.

### JURY DEMAND

Defendants hereby request a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANTS TRACY PARKER
AND EARLY TRUCKING COMPANY
By Counsel

4

891644v.1

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_/s/ Collin C. Shannon_

Camille Shora, VSB #65933
Collin C. Shannon, VSB #91065
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (fax)
camille.shora@wilsonelser.com
collin.shannon@wilsonelser.com
*Counsel for Defendants Tracy Parker
and Early Trucking Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plea in Bar was mailed, postage prepaid, this 11th day of September, 2019, to:

> Lawrence K. Land
> Lawrence K. Land, P.C.
> 101 West Main Street, Suite 710
> Norfolk, VA 23510
>
> James P. St. Clair
> Norris and St. Clair, P.C.
> 2840 South Lynnhaven Road
> Virginia Beach, VA 23452

_/s/ Collin C. Shannon_
Collin C. Shannon

891644v.1